UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RYAN SHINN, individually and on
behalf of all others similarly situated,

        Plaintiff,

vs.                                                   Case No.:

CMR CONSTRUCTION AND ROOFING, LLC

        Defendant.
_____/

## **NOTICE OF REMOVAL**

In accordance with 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453 Defendant CMR Construction and Roofing, LLC, ("CMR") hereby notices its removal of this action from the Circuit Court of the 17th Judicial Circuit for Broward County, Florida (the "State Court") to the United States District Court for the Southern District of Florida. This Court has jurisdiction over this action under 28 U.S.C. § 1441(a). As grounds for removal, CMR respectfully shows the Court the following:

### *I.    Background*

1.    This suit allegedly arises from one text message sent to Plaintiff's telephone purportedly placed by CMR and/or that Plaintiff alleges violated the TCPA.

2.    On August 7, 2020, Plaintiff, Ryan Shinn, purportedly on behalf of himself and others similarly situated, initiated a two count Class Action Complaint (the "Complaint") against CMR pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), seeking both monetary damages and injunctive relief, in the Circuit Court of the Seventieth Judicial Circuit in and for Broward County, Florida, Case No. CACE-20-012923 (the "State Court

1

Action"). CMR received a copy of the Complaint, by service, on August 19, 2020. The Complaint is attached hereto as Exhibit "B".

3. On August 31, 2020, Plaintiff, Ryan Shinn, purportedly on behalf of himself and others similarly situated, amended his Complaint ("Amended Complaint") in three material ways: (A) Plaintiff dropped Count II of his Complaint in connection with the National Do Not Call Registry; (b) Plaintiff now only represents the No Consent Class as he dropped his representation of the DNC Class from the Complaint, and (c) now Plaintiff purportedly only received a single text message – instead of two. [Exhibit "A" ¶ 20, 39.] A copy of the Amended Complaint is attached as Exhibit "A." CMR received a copy of the Amended Complaint, by service, on September 1, 2020.

4. Plaintiff claims CMR violated the TCPA and seeks $500 in statutory damages or $1500 in treble damages per violation, a declaration that CMR's violations of the TCPA were willful and knowing, and an injunction enjoining CMR from violating the TCPA and prohibiting CMR from using an automatic telephone dialing system ("ATDS"). [Exhibit "A" ¶¶ 43, 55, Plaintiff's Prayer for Relief a. – d.].

5. Plaintiff alleges CMR engaged in "unsolicited text messaging with no regard for consumers' privacy rights" and that Plaintiff and the class seek statutory damages and "any other available legal or equitable remedies resulting from the illegal actions of Defendant." [Exhibit "A" ¶¶ 2 - 3].

6. Removal is based upon federal question jurisdiction, as clearly shown by the allegations on the face of the Amended Complaint, and set forth more fully below. 28 U.S.C. §§1331, 1441.

7. Removal is also proper pursuant to the Class Action Fairness Act of 2005, as set forth more fully below.

8. Further, the Amended Complaint is removable based upon the complete diversity of citizenship of the parties, and because the amount in controversy, exclusive of interest and costs, exceeds the sum of value of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00).

9. Venue is proper in the United States District Court for the Southern District of Florida, because the 17th Judicial District in and for Broward County, where Plaintiff filed his State Court Action, is located within the United States District Court for the Southern District of Florida.

## II. *Basis for Federal Questions Jurisdiction*

10. This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446. This claim should have been originally filed in this Court pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction over all claims and actions arising under the "Constitution, laws or treaties of the United States".

11. Plaintiff's Amended Complaint asserts violations of a federal law, namely the TCPA. *See generally* Exhibit "A". The Supreme Court of the United States in *Mims v. Arrow Financial Services LLC*, 132 S. Ct. 740, 747-53 (2012), addressed the issue of whether the federal district courts have jurisdiction over TCPA claims, holding that such a claim is, in fact, one that "arises under" the laws of the United States. As such, this Court has federal question jurisdiction over this matter. *See Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315-16 (S.D. Fla. 2012) ("This action was removed to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, because the Complaint alleges a violation of the TCPA. . . . It is established that federal courts have subject matter jurisdiction over TCPA claims.") (internal citation omitted).

12. Moreover, pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Accordingly, this Court has federal question jurisdiction.

13. Plaintiff "seeks injunctive relief to halt Defendant's unlawful conduct" [Exhibit "A" ¶ 3] and whether CMR should be "enjoined from such conduct in the future." *Id.* at ¶ 43(e). Further, Plaintiff asserts that he, and the Class, are "entitled to an injunction against future calls." *Id.* at ¶ 55. The TCPA allows a plaintiff to bring an action based on a violation of section 227(b) to "enjoin such violation," 47 U.S.C. § 227(b)(3)(A), which has been interpreted as allowing a plaintiff to *"enjoin further* violation of section 227(b)." *Owens-Benniefield*, 258 F. Supp. 3d at 1314–15 (internal alternations omitted) (emphasis added). "The Supreme Court has long held that to seek prospective or injunctive relief, plaintiffs (including individually named plaintiffs representing a class) must be able to demonstrate more than mere injury from past wrongs." *Dapeer v. Neutrogena Corp.*, 95 F. Supp. 3d 1366, 1373–74 (S.D. Fla. 2015) (citing, *inter alia, O'Shea v. Littleton*, 414 U.S. 488, 495–96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) ) (internal quotations omitted).

### III. *Basis for Jurisdiction Under the Class Action Fairness Act of 2005 ("CAFA")*

14. This Court also has original subject matter jurisdiction of this action pursuant to CAFA, 28 U.S.C. §§ 1332(d), which grants district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of the class of plaintiffs is a citizen of a State different from any defendant. As set forth below, this action satisfies each of

the requirements of Section 1332(d)(2) for original jurisdiction under CAFA. *See Standard Fire Ins. Co. v. Knowles,* 568 U.S. 588, 592 (2013).

15. "CAFA grants federal district courts jurisdiction over class actions where (1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014), *Uri Marrache, v. Bacardi U.S.A., Inc. & Winn-Dixie Supermarkets, Inc.,* No. 19-23856-CIV, 2019 WL 9656447, at *1 (S.D. Fla. Dec. 6, 2019).

    a). ***The Elements for CAFA Jurisdiction are Satisfied***

16. *Class Definition.* This putative class action satisfies the CAFA definition of a class action which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b). [Exhibit "A" ¶ 39]. Plaintiff seeks to represent the "Class" comprised of and defined as:

> **No Consent Class:** All persons within the United States who from four years prior to the filing of this action until the date of a certification order [1]received a text message on his or her cellular phone number from Defendant [2] using the same equipment used to send the text message to Plaintiff [3] for the purpose of advertising and/or promoting Defendant's property, goods, and/or services.

17. *Diversity is Present.* The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff alleges to be a "citizen and resident of Broward County, Florida" as of the time this putative class action was filed. 28 U.S.C. § 1332(d)(7); [Exhibit "A" ¶ 4.] Plaintiff further alleges in the Amended Complaint that Defendant is a "limited liability company organized, with its principal place of business located at 3006 North Lindbergh Blvd., Suite 703, St. Ann, Missouri 63074." [Exhibit "A" ¶ 5.] Additionally, paragraphs 25 – 26 herein

5

provides evidence of CMR's citizenship (State of Texas). Accordingly, the diversity requirements under CAFA are satisfied. 28 U.S.C. § 1332(d)(2)(A).

18. *Proposed Class Consists of More than 100 Members.* Plaintiff alleges he "believes the Class members number in the several thousands, **_if not more_**." [Exhibit "A" ¶ 40] (emphasis added).

19. *Aggregate Amount in Controversy.* Pursuant to CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6); *see Miedema v. Maytag Corp.,* 450 F.3d 1322, 1330–32 (11th Cir.2006) (considering whether individual claims valued at less than $1,000 exceeded $5,000,000 in the aggregate in an extensive discussion of subject matter jurisdiction over a class action under CAFA); *Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1163 (11th Cir.2006) (stating that, "[u]nder CAFA, federal courts now have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity" and making no mention of a further requirement that any one plaintiff satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a)). Further, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co. vs. Owens,* 135 S. Ct. 547,554 (2014) (citing 28 U.S.C. §1446(a)), *Dukes v. Integon Nat'l Ins. Co.,* No. 19-CV-22205, 2019 WL 5543548, at *1 (S.D. Fla. Oct. 28, 2019).

20. Here, Plaintiff, individually as well as on behalf of the putative class members seek both monetary damages and injunctive relief, and by Plaintiff's own allegations in the Amended Complaint, plausibly establish the CAFA jurisdictional threshold. *See* Exhibit "A" ¶¶ 40, 43, 47, 55, and Count I Prayer for Relief b. and d. Specifically, on behalf of himself and the No Consent

Class, Plaintiff allegedly was harmed and seeks "a minimum of $500 in damages for each violation" and/or "trebled statutory damages [$1,500]." [Exhibit "A" ¶ 55 and Count I's Prayer for Relief d.

21.     Additionally, Plaintiff alleges "the aggregate damages sustained by the Class are in the millions of dollars." [Exhibit "A" ¶ 47]. Individually, and on behalf of the No Consent Class, Plaintiff is seeking trebled TCPA damages under Count I ($1,500 for each violation), which establishes that at least 3,334 putative class members claiming similar damages would exceed the $5,000,000 jurisdictional threshold under CAFA. The Plaintiff purports to represent "[a]ll persons in the United States … for the previous four years prior to filing this action" and alleged that the putative "Class members number in the several thousands, ***if not more***." [Exhibit "A" ¶¶ 39, 40] (emphasis added).

22.     Solely for the purpose of removal only, and without waiving or conceding any defenses, objections, or merit to Plaintiff's Amended Complaint, based upon the estimated class size, and the requested statutory damages in the Amended Complaint, it is plausible that the amount in controversy under the Amended Complaint satisfies CAFA's jurisdictional threshold.

### IV.     *Removal is Timely*

23.     Plaintiff served CMR with a Summons and copy of the Complaint on August, 19 2020. *See* Exhibits "B" and "K." This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b) because it is filed within 30 days of the August 19, 2020 date of service.

### V.     *There is Complete Diversity Within the Parties*

24.     Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00,

exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

25. CMR is a foreign single member limited liability company with its principal office located at 3006 North Lindbergh Blvd., Suite 703, St. Ann, Missouri 63074. CMR was incorporated as a limited liability company in the State of Missouri on March 26, 2002. *See* State of Missouri corporate records attached hereto as Composite Exhibit "C."

26. The citizenship of a limited liability company for purposes of diversity jurisdiction is the citizenship of its member(s). *Rolling Greens, MHP, L.P. vs. Comcast SCH Holdings L.L.C.*, 372 F.3d 1020, 1022 (11th Cir. 2004). Steven Soule ("Soule") is the single member of CMR and is a citizen of the state of Texas. Soule resides at 2301 Reflection LN, Prosper, Texas 75078, in Collin County, which he claims a homestead protection for such residence and his intention is to remain in Texas for an indefinite amount of time. *See* Mr. Soule's State of Texas Driver's License and the Collin County Property webpage of the aforementioned property attached as Composite Exhibit "D." Accordingly, CMR is a citizen of Texas for determining diversity under 28 U.S.C. § 1332(c)(1).

27. Plaintiff is "a citizen and resident of Broward County, Florida" as of the time this putative class action was filed. 28 U.S.C. § 1332(d)(7); *See* Exhibit "A" ¶ 4. Accordingly, Plaintiff is a citizens of Florida for determining diversity under 28 U.S.C. § 1332(c)(1).

28. Complete diversity exists as no party is the citizen of the same state as any other party.

29. Since the jurisdictional threshold under CAFA is satisfied, as alleged in paragraphs 19 – 22 herein, this controversy exceeds the $75,000 jurisdictional limit under 28 U.S.C. §1332(a). Accordingly, the amount is controversy far exceeds $75,000 for diversity jurisdiction purposes.

### VI. *Compliance with 28 U.S.C. § 1446*

30. CMR files herewith such copies of all processes, pleadings, and orders served on it, and such other papers that are exhibits, as required by 28 U.S.C. § 1446 and Local Rule 7.2(a). *See* a true and correct copy of the State Court Action papers attached hereto with the following Exhibits references:

(i) The Summons to the Complaint is attached as Exhibit "E."

(ii) The Summons to the Amended Complaint is attached at Exhibit "F."

(iii) The Docket Sheet is attached as Exhibit "G."

(iv) Civil Cover Sheet is attached as Exhibit "H."

(v) Plaintiff's Notice of Service of Interrogatories and Plaintiff's First Set of Interrogatories to Defendant is attached as Exhibit "I."

(vi) Plaintiff's First Request for Production is attached as Exhibit "J."

(vii) Plaintiff's Request for Inspection of Property is attached as Exhibit "K."

(viii) Return of Service of the Complaint is attached as Exhibit "L."

(ix) Return of Service of the Amended Complaint is attached as Exhibit "M."

31. Pursuant to 28 U.S.C. § 1446(d), CMR will serve written notice of the filing of this Notice of Removal on Plaintiff and will concurrently file a copy of this Notice of Removal with the Clerk of Circuit Court of the Seventieth Judicial Circuit in and for Broward County, Florida. *See* CMR's Notice of Removal to be filed in the Seventieth Judicial Circuit in and for Broward County, Florida attached hereto as Exhibit "N."

32. CMR has satisfied all of the requirements for removal of this action under 28 U.S.C. § 1446 and all other applicable statutes and rules.

33. CMR hereby reserves all rights to assert any defenses or affirmative matter, including, without limitation, motions to dismiss pursuant to Fed. R. Civ. P. 12, as well as amend or supplement this Notice of Removal.

WHEREFORE, for the forgoing reasons, this Court has, and CMR respectfully requests this Court to assume, full jurisdiction over the case, action, and all causes and defenses herein, as provided by law.

Dated: September 17, 2020

Respectfully submitted,

LAW OFFICES OF ALAN S. FELDMAN, P.A.
Attorney for Defendant, CMR
10396 West State Road 84, Suite 106
Davie, Florida 33324
Tel: (954) 465-7655

By:   /s/Alan S. Feldman
      ALAN S. FELDMAN
      Florida Bar No.: 797251
      afeldman@alanfeldmanlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on September 17, 2020, I electronically filed the forgoing via CM/ECF, which will electronically send notice to all persons registered on that system. I also certify that a copy was transmitted to the following by electronic service on September 17, 2020:

Manuel S. Hiraldo, Esq.
mhiraldo@hiraldolaw.com
Florida Bar No.: 030380
HIRADLO P.A.
401 E. Law Olas Blvd., Suite 1400
Fort Lauderdale, Florida 33301
954-400-4712

Jibrael S. Hindi, Esq.
jibrael@jibraellaw.com
Florida Bar No.: 118259
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
954-907-1136