UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-cv-61891-RAR

**RYAN SHINN**,
individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

**CMR CONSTRUCTION AND ROOFING, LLC**,

      Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

### PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Ryan Shinn hereby responds in opposition to Defendant CMR Construction and Roofing, LLC's Notice of Supplemental Authority, [DE 9], filed on October 6, 2020. While Defendant contends that its notice supports arguments raised in its pending Motion to Dismiss, [DE 9], that claim is false. Defendant not once raised the issue of the TCPA's constitutionality in its Motion to Dismiss. Notwithstanding, Plaintiff responds to address Defendant's request for this Court to follow an outlier and incorrect opinion regarding the enforcement of the TCPA after the Supreme Court's holding in *Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020) ("*AAPC*").

**I.    INTRODUCTION**

Relying exclusively on *Creasy v. Charter Communs., Inc.*, No. 20-1199, 2020 U.S. Dist. LEXIS 177798 (E.D. La. Sep. 28, 2020), Defendant contends that it cannot be held liable for

violating the TCPA because *AAPC* can only be read as holding that section 227(b)(1)(A)(iii) of the TCPA was unconstitutional between 2015 (when the government-debt exception was passed) and July 6, 2020 (when the Supreme Court issued its opinion in *AAPC*).[1]  Defendant is mistaken and, respectfully, the holding and reasoning of *Creasy* are gravely flawed.

In *AAPC*, "seven members of the Court conclude that the entire 1991 robocall restriction should not be invalidated, but rather that the 2015 government-debt exception must be invalidated and severed from the remainder of the statute." *AAPC*, 140 S. Ct. at 2343 (plurality opinion). Notwithstanding, the court in *Creasy* characterized the Supreme Court's decision as "fractured" and analyzed a "few lines of nonbinding dicta" to reach its conclusion that the robocall ban found in section 227(b)(1)(A)(iii) of the TCPA has been unconstitutional and unenforceable for the past five years. *See Creasy*, 2020 U.S. Dist. LEXIS 177798, at *2-3.

In so doing, the *Creasy* court ignored that seven Justices agreed that the Court's "traditional severability principles" should be applied "in cases like this one, where Congress added an unconstitutional amendment to a prior law." *AAPC*, 140 S. Ct. at 2353, 2355 (plurality opinion). Pursuant to the Supreme Court's long-standing severability precedent, "[t]he Court has severed the 'exception introduced by amendment,' so that 'the original law stands without the amendatory exception.'" *AAPC*, 140 S. Ct. at 2353 (plurality opinion) (quoting *Truax v. Corrigan*, 257 U. S. 312, 342 (1921)). In other words, "the Court has treated the original, pre-amendment statute as the "'valid expression of the legislative intent.'" *AAPC*, 140 S. Ct. at 2353 (plurality opinion) (quoting *Frost v. Corporation Comm'n of Okla.*, 278 U. S. 515, 526–527 (1929)).

This is where the *Creasy* court faltered. Rather than acknowledging that seven Justices all supported application of long-standing severance principles – principles that mandate treating the

---

[1] Defendant's violative call was sent to Plaintiff on June 30, 2020.

pre-amendment TCPA as the valid and enforceable expression of legislative intent – the court in *Creasy* unilaterally concluded that "the exception and the rule are in fact inextricably intertwined for the purposes of any reasonable analysis." *See Creasy*, 2020 U.S. Dist. LEXIS 177798, at *10. Thus, the *Creasy* court ignored the Supreme Court's severance principles and holding of *AAPC*, and instead held that the exception could not be deemed unconstitutional on its own and, therefore, "the *entirety* of the pre-severance version of § 227(b)(1)(A)(iii) *is* void because it *itself* was repugnant to the Constitution before the Supreme Court restored it to constitutional health in *AAPC*." *Id*. at *13 (emphasis original).

The Supreme Court, however, explicitly held the opposite. The Supreme Court reiterated its severability precedent which holds "**that an unconstitutional statutory amendment 'is a nullity' and 'void' when enacted, and for that reason has no effect on the original statute**." *AAPC*, 140 S. Ct. at 2353 (plurality opinion) (quoting *Frost*, 278 U. S. at 526-527) (emphasis supplied). In other words, the Supreme Court held that the government-debt amendment was unconstitutional and, consequently, simply a nullity that had no effect on section 227(b)(1)(A)(iii) of the TCPA. *See id*. at 2354 ("the text of the Communications Act's severability clause requires that the Court sever the 2015 government-debt exception from the remainder of the statute."). Consistent with this holding and reasoning, the Supreme Court affirmed the judgment of the Fourth Circuit. *Id*. at 2356. That judgment held that "severance of the debt-collection exemption **will not undermine the automated call ban**." *Am. Ass'n of Political Consultants, Inc. v. Fed. Commc'ns Comm'n*, 923 F.3d 159, 170 (4th Cir. 2019) (emphasis supplied).

In sum, the holding of *Creasy* is incorrect and conflicts with the Supreme Court's holding in *AAPC*. Seven Supreme Court Justices agreed in *AAPC* that traditional severability principles

should be applied to the government-debt exception. Those principles require treating the pre-amendment robocall restriction as the valid expression of legislative intent that has existed for the past five years, and, if there is any question, the Supreme Court said exactly that in *AAPC*: "**our decision today does not negate the liability of parties [like Defendant] who made robocalls covered by the robocall restriction.**" 140 S. Ct. at 2355 n.12.[2]

## II.    ARGUMENT AND MEMORANDUM OF LAW

### A. *AAPC* was not a "Fractured" Decision, Seven Justices Agreed That the Court's Severability Principles Should be Applied to Sever the Government-Debt Exception.

The plaintiffs in *AAPC*, a group of political consultants, wanted to make political outreach robocalls and therefore challenged the 2015 amendment to the TCPA which carved out an exception to the general prohibition against robocalling for government-backed debt collection. 140 S. Ct. at 2343. "Invoking the First Amendment, they argue that the 2015 government-debt exception unconstitutionally favors debt-collection speech over political and other speech. As relief from that unconstitutional law, they urge us to invalidate the entire 1991 robocall restriction, rather than simply invalidating the 2015 government-debt exception." *Id.*

In summarizing the outcome of *AAPC*, the Supreme Court stated:

> Applying traditional severability principles, seven Members of the Court conclude that the entire 1991 robocall restriction should not be invalidated, but rather that the 2015 government-debt exception must be invalidated and severed from the remainder of the statute. As a result, plaintiffs still may not make political robocalls to cell phones, but their speech is now treated equally with debt-collection speech. The judgment of the U. S. Court of Appeals for the Fourth Circuit [severing the government-backed debt exemption, but upholding the TCPA's constitutionality] is affirmed.

---

[2] The *Creasy* court characterized this statement as "mere 'obiter dictum'" that "is extremely persuasive." *Creasy*, 2020 U.S. Dist. LEXIS 177798, at *9. Whether binding or not, the *Creasy* court did not give sufficient deference to this statement, particularly in light of the severability analysis and precedent discussed in the remainder of the *AAPC* opinion that – consistent with this statement – held that the government-debt exception is a nullity that never had any impact on the remainder of the statute.

*Id.* at 2343-44.

Notwithstanding, the court in *Creasy* agreed with the defendant's characterization in that case that the holding of *AAPC* was a "fractured decision" with respect to the issue of whether "the entirety of § 227(b)(1)(A)(iii) was unconstitutional from the moment Congress enacted the offending government-debt exception to the moment the Court severed that exception to preserve the rest of the law in *AAPC*." *Creasy*, 2020 U.S. Dist. LEXIS 177798, at *2. According to the *Creasy* court, only a "few lines of nonbinding dicta shed[] any light on the issue." *Id*. at *3. But the Court was unambiguous in its holding to the contrary when it rejected a broader challenge to the robocall provision:

> Having concluded that the 2015 government-debt exception created an unconstitutional exception to the 1991 robocall restriction, we must decide whether to invalidate the entire 1991 robocall restriction, or instead to invalidate and sever the 2015 government-debt exception. Before we apply ordinary severability principles, we must address plaintiffs' broader initial argument for why the entire 1991 robocall restriction is unconstitutional. . . . the government-debt exception is only a slice of the overall robocall landscape. This is not a case where a restriction on speech is littered with exceptions that substantially negate the restriction. . . . Therefore, we disagree with plaintiffs' broader initial argument for holding the entire 1991 robocall restriction unconstitutional.

140 S. Ct. at 2348-49.

Thus, the *Creasy* court's characterization of a *AAPC* as a fractured opinion that sheds little light on the issue of whether all of section 227(b)(1)(A)(iii) was unconstitutional from the moment Congress enacted the government-debt exception is incorrect. The Supreme Court considered the argument that the entire robocall restriction was unconstitutional and rejected the plaintiffs' argument. Instead, seven Justices held that the government-debt exception was unconstitutional, and that the Court's traditional severance principles should be applied to sever the amendment. *AAPC*, 140 S. Ct. at 2353-54 ("[T]he text of the Communications Act's severability clause requires

5

that the Court sever the 2015 government-debt exception from the remainder of the statute. And even if the text of the severability clause did not apply here, the presumption of severability would require that the Court sever the 2015 government-debt exception from the remainder of the statute."). As discussed below, those principles mandate treating the government-debt exception as a nullity that never had any impact on section 227(b)(1)(A)(iii).

**B. The Supreme Court's Severability Precedent Mandates Application of the Pre-Amendment Restriction to the Call Placed by Defendant.**

In severing the government-debt exception in *AAPC*, the Supreme Court reiterated its severability precedent which holds "that an unconstitutional statutory amendment 'is a nullity' and 'void' when enacted, and for that reason has no effect on the original statute." *AAPC*, 140 S. Ct. at 2353 (quoting *Frost*, 278 U. S. at 526-527) (plurality opinion). In *Frost*, the Supreme Court reasoned and held as follows when conducting its severability analysis:

> Here it is conceded that the statute, before the amendment, was entirely valid. When passed, it expressed the will of the legislature which enacted it. Without an express repeal, a different legislature undertook to create an exception, but, since that body sought to express its will by an amendment which, being unconstitutional, is a nullity and, therefore, powerless to work any change in the existing statute, that statute must stand as the only valid expression of the legislative intent.

*Frost*, 278 U. S. at 527 (quoting *Campau* v. *Detroit*, 14 Mich. 276, 286 ("But nothing can come in conflict with a nullity, and nothing is therefore repealed by this act on the ground solely of its being inconsistent with a section of this law which is entirely unconstitutional and void."); *Carr, Auditor*, v. *State ex rel. Coetlosquet*, 127 Ind. 204, 215 ("We suppose it clear that no law can be changed or repealed by a subsequent act which is void because unconstitutional. . . . An act which violates the Constitution has no power and can, of course, neither build up nor tear down. It can neither

create new rights nor destroy existing ones. It is an empty legislative declaration without force or vitality.").

Similarly, in *Eberle v. Michigan*, the Supreme Court held that "[t]he validity of a local option law adopted after amendments is not affected by the fact that the amendments are subsequently declared to be unconstitutional. Unconstitutional amendments to a constitutional statutes are mere nullities." 232 U.S. 700, 701 (1914). Thus, consistent with its long-standing severability principles, the "Court has severed the 'exception introduced by amendment,' so that 'the original law stands without the amendatory exception.'" *AAPC*, 140 S. Ct. at 2353 (quoting *Truax*, 257 U. S. at 342). The Supreme Court's severability principles further mandate that when "'an act of Congress contains unobjectionable provisions separable from those found to be unconstitutional, it is the duty of this court to so declare, and to maintain the act in so far as it is valid.'" *Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 684 (1987) (quoting *Regan* v. *Time, Inc.*, 468 U.S. 641, 652 (1984) (plurality opinion)).

The court in *Creasy* ignored the Supreme Court's severability precedent and the holding of *AAPC*. Specifically, the *Creasy* court held that "the *entirety* of the pre-severance version of § 227(b)(1)(A)(iii) *is* void because it *itself* was repugnant to the Constitution before the Supreme Court restored it to constitutional health in *AAPC*." *Creasy*, 2020 U.S. Dist. LEXIS 177798, at *13 (emphasis original). But that is the opposite of what the Supreme Court held in *AAPC*: "we disagree with plaintiffs' broader initial argument for holding the entire 1991 robocall restriction unconstitutional." 140 S. Ct. at 2348-49.

Consistent with the holding of *AAPC* and binding severability precedent, the court in *Creasy* should have held that the government-debt exception was an unconstitutional nullity that had no impact on section 227(b)(1)(A)(iii). Instead, it decided to conduct its own analysis, ignore

7

the holding of *AAPC*, and determine that the entire section was a nullity between 2015 and July 6, 2020.  The Supreme Court was clear in *AAPC*: "Applying the presumption [of severability], the Court invalidates and severs unconstitutional provisions from the remainder of the law rather than razing whole statutes or Acts of Congress. Put in common parlance, the tail (one unconstitutional provision) does not wag the dog (the rest of the codified statute or the Act as passed by Congress)." 140 S. Ct. 2335 at 2351 (plurality opinion).

Accordingly, pursuant to binding Supreme Court precedent, Defendant is liable for the calls its placed to Plaintiff and the class members in violation of section 227(b)(1)(A)(iii) of the TCPA.  Defendant should not be permitted to escape liability based on an incorrectly decided outlier opinion.  Indeed, if there is any question that the opinion is an outlier, the fact that no court pre-*AAPC* has ever endorsed the reasoning or holding of *Creasy* is telling.  *See Wijesinha v. Bluegreen Vacations Unlimited, Inc.*, No. 19-cv-20073, 2019 U.S. Dist. LEXIS 57136, 2019 WL 3409487, at *5 (S.D. Fla. Apr. 3, 2019) ("[S]pecific evidence of Congress's legislative preference for elimination of the exception is shown by the fact that Congress enacted the TCPA without the government-debt exception . . . .") (Altonaga, J.); *Katz v. Liberty Power Corp., LLC*, Civil Action No. 18-cv-10506-ADB, 2019 U.S. Dist. LEXIS 198144 (D. Mass. Nov. 15, 2019); *Smith v. Truman Rd. Dev., LLC*, No. 4:18-cv-00670, 2019 U.S. Dist. LEXIS 188943, 2019 WL 5654352, at *16 (W.D. Mo. Oct. 31, 2019) ("Given the general presumption in favor of severability, the apparent Congressional intent that the unconstitutional provision be severed, and the TCPA's demonstrated ability to be fully operative without the severed provision, the Court finds the government-debt exception is severable."); *Perrong v. Liberty Power Corp., L.L.C.*, No. 18-cv-00712, 2019 U.S. Dist. LEXIS 169460, 2019 WL 4751936, at *7 (D. Del. Sept. 30, 2019) ("The Court is not persuaded that removing [the debt-collection exception] amendment would somehow

render unconstitutional a statute that had been repeatedly upheld as constitutional in its previous form."); *Parker v. Portfolio Recovery Assocs., LLC*, No. 18-cv-02103, 2019 U.S. Dist. LEXIS 156016, 2019 WL 4149436, at *2 (C.D. Cal. July 11, 2019) ("[S]pecific evidence of the legislature's preference for retaining the valid TCPA provision is provided."); *Sliwa v. Bright House Networks, LLC*, No. 16-cv-00235, 2018 U.S. Dist. LEXIS 84707, 2018 WL 2296779, at *3 (M.D. Fla. May 21, 2018) (finding specific evidence of Congress' intent to sever the debt-collection exception under *Rappa*); *Woods v. Santander Consumer USA Inc.*, No. 2:14-cv-02104, 2017 U.S. Dist. LEXIS 47256, 2017 WL 1178003, at *3 n.6 (N.D. Ala. Mar. 30, 2017) ("[T]here is no evidence that Congress would not have enacted the TCPA without the exception for government debt. To the contrary, Congress did enact the TCPA without the exception for government debt, the version of the TCPA without the exception has been upheld as a valid time, place, or manner restriction by several courts throughout the country.")); *see also Hand v. Beach Entm't KC, LCC*, , 2019 WL 5654351, at *16 (W.D. Mo. Oct. 31, 2019); *Taylor v. KC VIN, LLC*, 2019 WL 6499140, at *16 (W.D. Mo. Dec. 3, 2019); *Doohan v. CTB Inv'rs, LLC*, 2019 WL 6497433, at *16 (W.D. Mo. Dec. 3, 2019); *Geraci v. Red Robin Int'l, Inc.*, No. 1:19-cv-01826, ECF No. 70 at 16-18 (D. Colo. Feb. 28, 2020) (holding that "the government-debt exception of the TCPA is severable and would have no impact on this case" and observing that "[t]o the best of the Court's knowledge, every court that has examined the issue of severability has determined that the TCPA's government-debt exception is severable").

Since *AAPC* was issued, no court has endorsed the *Creasy* court's reading of *AAPC*. *See Lacy v. Comcast Cable Commc'ns, LLC*, No. 3:19-CV-05007-RBL, 2020 WL 4698646, at *1 (W.D. Wash. Aug. 13, 2020) ("But while the Supreme Court invalidated the debt-collection exception, it severed the provision rather than striking down the TCPA's entire robocall

9

restriction."); *Burton v. Fundmerica, Inc.*, No. 8:19-CV-119, 2020 WL 4504303, at *1 (D. Neb. Aug. 5, 2020) ("The Supreme Court held last month in *Barr* that one of the exceptions to this general prohibition, for calls made solely to collect a government debt, violated the First Amendment, but that it was severable from the TCPA as a whole—so, the provision on which the plaintiff's claim relies survived."); *Salerno v. Credit One Bank, N.A.*, No. 15-CV-516 (JLS), 2020 WL 4339219, at *3 (W.D.N.Y. July 28, 2020) ("The Court need not address this request for a stay because the Supreme Court issued its decision on July 6, 2020 and did not invalidate the TCPA as a whole. Thus, the request for a stay is denied as moot."); *United States v. Miselis*, No. 19-4550, 2020 WL 5015072, at *16 (4th Cir. Aug. 24, 2020) ("More recently, in [*AAPC*], a seven-member majority of the Court (including Justices Breyer, Ginsburg, Kagan, and Sotomayor, who concurred in the judgment with respect to severability) agreed that the government-debt exception to the Telephone Consumer Protection Act's robocall restriction—which the Court found also constituted an invalid time, place, and manner regulation, *see* 140 S. Ct. at 2346—could be excised from the remainder of the statute, even though it consisted of a sentence fragment appended to a single subparagraph."); *Allan v. Pa. Higher Educ. Assistance Agency*, No. 19-2043, 2020 WL 4345341, at *6 (6th Cir. July 29, 2020) (citing *AAPC*, and noting that the decision severed an unconstitutional *addition* to the TCPA not at issue in this case "so that political automated calls would be 'treated equally with debt-collection speech.'"); *Crossley v. Cal.*, No. 20-CV-0284-GPC-JLB, 2020 WL 4747723, at *8 (S.D. Cal. Aug. 17, 2020) ("The [*AAPC*] plaintiffs challenged the TCPA carve out under the First Amendment and argued that it could not be severed from the robocalling ban, thereby rendering the entire ban unconstitutional. The Supreme Court found the carve out provision violated the First Amendment since it impermissibly favored debt-collection speech over other speech and severed it from the remainder of the TCPA."); *Cunningham v.*

10

*Upwell Health, LLC*, No. 419CV00894ALMCAN, 2020 WL 4723175, at *6 (E.D. Tex. July 21, 2020), *report and recommendation adopted,* No. 4:19-CV-894, 2020 WL 4698322 (E.D. Tex. Aug. 13, 2020) (dismissing TCPA claims *without* prejudice, while citing *AAPC*); *Jayson Rogers v. Interstate Nat'l Dealer Servs. Inc.*, No. 1:20 CV 00554, 2020 WL 4582689, at *1 (N.D. Ohio Aug. 10, 2020) (citing *AAPC*, and denying motion to dismiss claims based on calls from 2019); *Hawkins v. Well Path, LLC*, No. 19 CV 8969 (VB), 2020 WL 4287447, at *1 (S.D.N.Y. July 27, 2020) (citing *AAPC*, and denying motion to dismiss claims based on calls from 2019).

### III.     CONCLUSION

"Constitutional litigation is not a game of gotcha against Congress, where litigants can ride a discrete constitutional flaw in a statute to take down the whole, otherwise constitutional statute." *AAPC*, 140 S. Ct. at 2351.  That is precisely what Defendant here seeks to accomplish.  Plaintiff, on behalf of himself and the class members, respectfully requests for this Court to follow the holding of *AAPC* and apply the TCPA's robocall ban to the calls placed by Defendant.

**WHEREFORE**, Plaintiff Ryan Shinn, respectfully requests entry of an order denying Defendant's request to dismiss this case for lack of jurisdiction, and for such other relief deemed appropriate by this Court.

Dated: October 13, 2020

                                              Respectfully submitted,

                                              **HIRALDO P.A.**

                                              */s/ Manuel S. Hiraldo*
                                              Manuel S. Hiraldo, Esq.
                                              Florida Bar No. 030380
                                              401 E. Las Olas Boulevard
                                              Suite 1400
                                              Ft. Lauderdale, Florida 33301
                                              *mhiraldo@hiraldolaw.com*
                                              (t) 954.400.4713
                                              *Counsel for Plaintiff*